# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HYDE,<br><br>    Plaintiff,<br><br>   v.<br><br>PATTY CRAIG, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01291 DLB PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |

Plaintiff John Patrick Hyde ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 15, 2013. Plaintiff names the Administrator of the California Forensic Medical Group ("CFMG"), the Madera County Department of Corrections and Patty Craig as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 26, 2013.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

3  fails to state a claim upon which relief may be granted."  28 U.S.C.

4  § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the pleader

6  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

9  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

10 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

11 allegations are accepted as true, legal conclusions are not.  Id.

12       To state a claim, Plaintiff must demonstrate that each defendant personally participated in the

13 deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient

14 to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572

15 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

16 plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

17 **B.**      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

18       Plaintiff is currently incarcerated at the California Rehabilitation Center in Norco, California.

19 The events at issue occurred while Plaintiff was housed at the Madera County Jail.

20       Plaintiff states that he is an insulin-dependent diabetic.  He contends that CFMG, a medical

21 contractor, and the Madera County Department of California require that CFMG nursing staff check

22 blood sugar and administer insulin shots.

23       On September 10, 2012, Nurse Devon M. pricked his finger and extracted blood.  Plaintiff

24 contends that she "repeatedly swiped and raked a dirty or contaminated test strip (with another

25 inmate's fresh blood on it)" over his open wound.  She realized her mistake immediately and

26 apologized.  Plaintiff contends that he now tests positive for Hepatitis C.

27       Plaintiff attaches an Inmate Grievance Form from the Madera County Department of

28 Corrections, dated September 10, 2012.  Defendant Craig responded to Plaintiff's grievance about

the incident, acknowledging that an error occurred and apologizing.  Defendant Craig also noted that Plaintiff was offered blood tests on September 11 and 17, 2012, but he refused the tests.

Plaintiff explains that while he was happy with the admission of a mistake by Defendant Craig, he wanted a third party to test his blood after a reasonable incubation period.  Knowing that he was going to serve a prison term with the California Department of Corrections and Rehabilitation, Plaintiff waited and got his blood work done during his term.

Plaintiff requests that the Court order Defendants to pay for his medical bills for treatment of his Hepatitis C.  He also asks for $30,000,000 in monetary damages.

**C.    ANALYSIS**

    1.    Defendant Madera County Department of Corrections

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*);* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

Plaintiff makes no allegation that would support liability against the Madera County Department of Corrections. He does not allege that any policy, etc., was the moving force behind the violation. Moreover, as discussed below, there has been no underlying constitutional violation.

Plaintiff therefore fails to state a claim against the Madera County Department of Corrections.

2.      Eighth Amendment- Deliberate Indifference

The events at issue occurred while Plaintiff was incarcerated at the Madera County Jail. However, he does not state whether he was a pretrial detainee or a convicted prisoner at the time of the incident.[2]

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's rights are analyzed under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). Nonetheless, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm

---

[2] Plaintiff states that he knew he would be serving a prison term with CDCR, likely making him a pretrial detainee at the time of the incident. The Court will not make this determination, however.

4

caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Though Plaintiff does not specifically cite the Eighth or Fourteenth Amendments, his complaint involves allegedly inadequate medical care. However, the act complained of was, as Plaintiff characterizes it, "a mistake." A mistake does not constitute deliberate indifference and therefore does not rise to the level of an Eighth or Fourteenth Amendment violation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Similarly, a deliberate indifference claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Therefore, the facts at issue do not support a deliberate indifference claim.

Moreover, Plaintiff does not name the nurse that made the error, but rather names the Administrator of CFMG. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff does not make any allegation against the Administrator of CFMG that would support liability under the theory of *respondeat superior*. Although Plaintiff states that CFMG's policy requires a nurse to check inmate blood sugar, and that a CFMG nurse made the error, he does not allege that the Administrator "participated in or directed the violations, or knew of the violations

and failed to act to prevent them." Additionally, there has been no constitutional violation in the first instances.

Therefore, Plaintiff does not state an Eighth or Fourteenth Amendment claim against any Defendant, and he cannot state a claim against CFMG based on *respondeat superior.*

3. Defendant Craig

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

Plaintiff's claim against Defendant Craig is curious because she did not deny Plaintiff's appeal. Defendant Craig responded to Plaintiff's inmate grievance by acknowledging that a mistake was made and noting that Plaintiff refused two blood tests that had been offered. Indeed, Plaintiff states that he was "happy" with the admission of guilt.

Nonetheless, Plaintiff states that he wanted a third party to test his blood after a reasonable incubation period and decided to wait until he began his prison term with CDCR. These facts do not implicate Defendant Craig in any way. Moreover, absent the presentation of facts sufficient to show that a constitutional violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying medical care.

For these reasons, Plaintiff does not state a claim against Defendant Craig.

**D.   CONCLUSION AND ORDER**

Plaintiff's complaint does not state any claims for which relief may be granted. While the Court often permits a plaintiff to amend a complaint, amendment here is not warranted. Amendment of Plaintiff's medical claim, upon which all of the claims rely, would require Plaintiff to contract his belief that the incident was accidental. Therefore, this action shall be dismissed, with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1 | Based on the foregoing, it is HEREBY ORDERED that:

2 | 1. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

4 | 2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **February 21, 2014**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE