# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HYDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATTY CRAIG, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01291 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN ACTION<br>(Document 10)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF THE FEBRUARY 21, 2014, ORDER<br>(Document 8) |

Plaintiff John Patrick Hyde ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 15, 2013. Plaintiff names the Administrator of the California Forensic Medical Group ("CFMG"), the Madera County Department of Corrections and Patty Craig as Defendants.[1]

On February 21, 2014, the Court screened the complaint and found that it did not state any claims for which relief could be granted. The Court further found that dismissal with leave to amend was not warranted because amendment would require Plaintiff to contradict his belief that the incident was accidental.

The Court entered judgment on February 21, 2014.

On April 3, 2014, Plaintiff filed a motion to reopen this action. The Court construes this as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 26, 2013.

1

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from final judgment for the specific reasons enumerated in the Rule or for any other reason that justifies relief. Relief under this latter provision requires the moving party to "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

In his filing, Plaintiff states that at the time of the dismissal, he was transitioning from incarceration to a housing/recovery program. He requests that he be given an opportunity to correct any mistakes he may have made.

As the February 21, 2014, order explained, Plaintiff cannot amend his complaint without contradicting his belief that the medical incident was accidental. Therefore, because Plaintiff could not cure the deficiency, the case was dismissed without leave to amend.

Accordingly, there is nothing to "correct," as Plaintiff requests. Plaintiff's motion is therefore DENIED. The Clerk of the Court is ORDERED to send Plaintiff a copy of the February 21, 2014, order (Document 8).

IT IS SO ORDERED.

Dated:   **April 10, 2014**               /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

2